SCOTT G. LEONARD, ESQ- 044181996
**LEONARD LEGAL GROUP, LLC**
165 Washington Street
Morristown, New Jersey 07960
Tel. (973)984-1414
Attorneys for Plaintiff(s)

| | |
|---|---|
| LAYAKIM SMALL,<br><br>Plaintiff,<br><br><br>Vs.<br><br><br>TONY N. BRAXTON, LOUIE LIVINGSTON, JR., RIGHT ONE AUTO BHPH LLC, ABC CORPS 1-10 (said name being fictitious and unknown) and JOHN DOES 1-10 (said names being fictitious and unknown).<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.: ESX-L-          -21<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND, DEMAND FOR CERTIFIED ANSWERS TO UNIFORM INTERROGATORIES, DEMAND FOR INSURANCE POLICIS, PURSUANT TO RULE 4:10-2(b), DESIGNATIOIN OF COUNSEL, CERTIFICATION** |

Plaintiff, LAYAKIM SMALL, residing in the City of Newark, County of Essex, and State of New Jersey, by way of Complaint, says:

**<u>FIRST COUNT</u>**

1.      On or about December 29, 2020, Plaintiff, LAYAKIM SMALL, was the operator of a commercial motor vehicle owned by Mohawk Carpet Trans. of Georgia, traveling northbound on Interstate 95 on the George Washington Bridge in the City of Fort Lee, County of Bergen and State of New Jersey.

2.      At or about the same time and place, Defendants, TONY N. BRAXTON, RIGHT ONE AUTO BHPH LLC, JOHN DOES 1-10 (said name being fictitious and unknown) and/or ABC CORPS. 1-10 (said name being fictitious and unknown), were the owner(s) of a commercial motor vehicle and/or truck and/or tractor and/or trailer which was being operated by

Defendant, LOUIE LIVINGSTON, JR., as agent, servant and/or employee, and/or otherwise with the knowledge, consent and/or permission of Defendants, TONY N. BRAXTON, RIGHT ONE AUTO BHPH LLC, JOHN DOES 1-10 (fictitious designations) and/or ABC COMPANY 1-10 (fictitious designations), northbound on Interstate 95 on the George Washington Bridge in the City of Fort Lee, County of Bergen and State of New Jersey.

3.    At present, the identities of Defendants, JOHN DOES 1-10 and ABC CORPS 1-10, are unknown. As such, "JOHN DOES 1-10" and "ABC CORPS. 1-10", are fictitious designations, representing one or more individuals, sole proprietorships, associations, limited partnerships, general partnerships, limited liability companies and/or corporations, which in any way owned, operated, possessed, controlled, entrusted, insured, hired for and/or maintained any motor vehicle(s) which caused or contributed to the collision at issue herein, or which in any way selected, insured, hired, employed or statutorily employed, contracted with, retained, trained, supervised and/or controlled any individual which caused or contributed to the collision at issue herein, or who were otherwise responsible, in whole or in part, for the said collision or the injuries sustained by the Plaintiff, LAYAKIM SMALL.

4.    At all times mentioned herein the defendants, TONY N. BRAXTON, LOUIE LIVINGSTON, JR., RIGHT ONE AUTO BHPH LLC, JOHN DOES 1-10 (fictitious designations) and/or ABC COMPANY 1-10 (fictitious designations), were engaged in interstate transportation and/or interstate commerce and derived business activities within the State of New Jersey.

5.    At all times mentioned herein the defendants, LOUIE LIVINGSTON, JR., RIGHT ONE AUTO BHPH LLC, JOHN DOES 1-10 (fictitious designations) and/or ABC COMPANY 1-10 (fictitious designations) were assigned a US DOT number and/or a US MC (Motor Carrier) number.

6.      At all times material hereto, Defendants, TONY N. BRAXTON, LOUIE LIVINGSTON, JR., RIGHT ONE AUTO BHPH LLC, JOHN DOES 1-10 (fictitious designations) and/or ABC COMPANY 1-10 (fictitious designations), so negligently owned, operated, possessed, controlled, entrusted, insured, hired for and/or maintained their commercial motor vehicle(s) and/or so negligently selected, hired, employed or statutorily employed, contracted with, retained, trained, supervised and/or controlled any individual, so as to cause a collision, striking plaintiff, LAYAKIM SMALL's, vehicle in the rear. Such negligent activities include, but are not limited to, the following:

(a)     Following too closely behind the vehicles in front of his;

(b)     Failing to ensure that he had adequate line of sight of other vehicles and obstruction in his path;

(c)     Failing to keep a proper lookout for warnings, for other vehicles, and obstructions;

(d)     Failing to ensure that he had adequate stopping distance to avoid hitting vehicles in front or next to him;

(e)     Failing to ensure that he had adequate maneuvering room to change lanes so as to avoid hitting vehicles in his path of travel;

(f)     Driving at an excessive rate of speed;

(g)     Operating his vehicle without adequate training and experience;

(h)     Operating his vehicle in violation of hours of service rules pursuant to 49 CFR 395, et seq.;

(i)     Failing to record his duty status in duplicate, for a 24 hour period prior to the accident;

(j)     Failing to ensure, pursuant to 49 CFR 392.7, prior to operating his vehicle that the vehicle was in safe operating condition;

(k)     Operating a vehicle in violation of 49 CFR 392.3 when his ability or alertness is impaired likely to become so due to fatigue, illness or other causes;

(l)     Operating a vehicle in violation of CFR 391.21 for failing to disclose to his employer all prior motor vehicle accidents for a period three (3) years prior to the accident date;

(m)     Failing to pay attention to the road ahead and surrounding area.

(n)     Failing to be diligent at all times;

(o)     Failing to properly change lanes;

(p)     Failing to take proper evasive action to avoid the collision with the plaintiff;

(q)     Failing to take proper action once the impact occurred with plaintiff;

(r)     Improperly had a passenger in her truck at the time of the accident;

(s)     Failing to be diligent at all times;

(t)     Failing to use extreme caution in hazardous conditions;

(u)     Failing to exercise due care for the circumstances;

(h)     Failing to adequately evaluate applicants before hiring them as drivers;

(i)     Failing to adequately train and supervise it's drivers;

(j)     Failing to adequately evaluate employees' job performance so as to discharge any incompetent or negligent employees before inuring the public or property; and

(k)     Pursuant to 49 CFR 382.201 et. seq., 382.301 et. seq., 383.35, and 391 et.

seq., failing to conduct an adequate investigation or inquiry into the

driving record of ARTAK NADARIAN and/or JOHN DOES 1-10

(fictitious designations).

7.     As a direct and proximate result of the carelessness, recklessness, and negligence

of the Defendants, TONY N. BRAXTON, LOUIE LIVINGSTON, JR., RIGHT ONE AUTO

BHPH LLC, JOHN DOES 1-10 (fictitious designations) and/or ABC COMPANY 1-10 (fictitious

designations), as aforesaid, and their disregard for the safety of others, Plaintiff, LAYAKIM

SMALL, was caused to suffer severe bodily injuries, some or all of which are permanent in nature;

has been caused and will be caused great pain and suffering and loss of enjoyment of life; has been

caused and will be caused to expend large sums of money for medical treatment necessary to effect

a cure for his injuries; and, has been caused and will be caused to lose large sums of money due to

his inability to pursue his usual occupation.

**WHEREFORE**, Plaintiff, LAYAKIM SMALL, demands Judgment for damages

generally against Defendants, TONY N. BRAXTON, LOUIE LIVINGSTON, JR., RIGHT ONE

AUTO BHPH LLC, JOHN DOES 1-10 (fictitious designations) and/or ABC COMPANY 1-10

(fictitious designations), individually, jointly, severally, or in the alternative, together with interest

and costs of suit.

LEONARD LEGAL GROUP, LLC
Attorneys for Plaintiffs

By: _____
SCOTT G. LEONARD, ESQ

Dated: October 19, 2021

## JURY DEMAND

Plaintiff, LAYAKIM SMALL, hereby demands a trial by jury as to all issues.

## CERTIFICATION OF OTHER ACTIONS/PARTIES

Pursuant to the provisions of Rule 4:5-1, the undersigned attorney certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)(1)

Pursuant to Rule 1:38-7(b), all confidential identifiers of the parties to this action have or will be redacted from all documents or pleadings submitted to the court.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4 the Court is advised that SCOTT G. LEONARD, ESQ is hereby designated as trial counsel.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff LAYAKIM SMALL, demands that Defendants, TONY N. BRAXTON, LOUIE LIVINGSTON, JR., RIGHT ONE AUTO BHPH LLC, provide answers to interrogatories as follows: *FORM C and FORM C(1) UNIFORM INTERROGATORIES* as set forth in Appendix II of the New Jersey Court Rules effective September 1, 2020.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is made that Defendant(s) disclose to plaintiff's attorney whether or not there are any insurance agreements or policies under which any person, company entity  or firm may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to,

any and all declaration sheets.  This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

LEONARD  LEGAL GROUP, LLC
Attorneys for Plaintiff

By:_____
SCOTT G. LEONARD, ESQ

Dated: October 19, 2021