UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| **LAYAKIM SMALL,** | : | |
| | : | Civil Action No. 22-5313 (JXN) (MAH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **TONY N. BRAXTON, et al.,** | : | REPORT AND RECOMMENDATION |
| | : | |
| Defendants. | : | |
| | : | |

**I.    INTRODUCTION**

This matter comes before the Court by way of Plaintiff Layakim Small's ("Plaintiff") Motion to Remand this Action to the Superior Court of New Jersey, Law Division, Essex County pursuant to 28 U.S.C. § 1447. *See* Mot. to Remand, Sept. 29, 2022, D.E. 6. The Undersigned has considered the matter without oral argument. Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth herein, the Undersigned respectfully recommends the District Court grant Plaintiff's Motion to Remand.

**II.   BACKGROUND**

Plaintiff commenced this Action on October 19, 2021, in the Superior Court of New Jersey, Law Division, Essex County. *See*, *generally*, Compl., D.E. 1-1. This civil action arises from a motor vehicle accident that occurred on the George Washington Bridge in Fort Lee, New Jersey, on December 29, 2020. *Id.* ¶ 1. Plaintiff alleges that while he was driving on the bridge, operating a "commercial motor vehicle owned by Mohawk Carpet Trans. of Georgia," his vehicle was struck from behind by a commercial truck or tractor trailer driven by Defendant Louie Livingston, Jr. ("Livingston"). *Id.* ¶¶ 1-2, 6. Defendant Livingston was operating the truck as an agent of

Defendants Tony N. Braxton ("Braxton"), Right One Auto BHPH LLC ("Right One"), John Does 1-10, and ABC Corp. 1-10 (collectively "Defendants"). *Id.* ¶¶ 1-2. Plaintiff brings negligence claims against Defendants and seeks monetary damages for injuries sustained as a result of the accident. *Id.* ¶ 6. Plaintiff does not specifically describe the accident or its severity, nor does Plaintiff describe the injuries he sustained. Instead, Plaintiff claims, in general terms, that Plaintiff "was caused to suffer severe bodily injuries, some or all of which are permanent in nature." *Id.* ¶ 7. Plaintiff also does not specify the amount of damages he seeks, but states that he "has been caused and will be caused to expend large sums of money for medical treatment necessary to effect a cure for his injuries; and has been caused and will be caused to lose large sums of money due to his inability to pursue his usual occupation." *Id.*

Defendants received notice of Plaintiff's Complaint filed against them on April 23, 2022, and filed an Answer on May 2, 2022. Notice of Removal, Aug. 30, 2022, D.E. 1, ¶¶ 2-3; Answer, D.E. 1-2. In their Answer, Defendants made a demand for a statement of damages pursuant to Rule 4:5-2 of the Rules Governing the Courts of the State of New Jersey ("New Jersey Court Rules"). Answer, D.E. 1-2, at 11. Defendants sought a response from Plaintiff within five days of filing the Answer. *Id.* Plaintiff did not respond to Defendants' request. In their Answer, Defendants also included written-discovery demands consisting of interrogatories and requests to produce. *Id.* at 6-11. On August 4, 2022, slightly more than three months after Defendants filed their Answer, Plaintiff served on Defendants his initial discovery responses along with a demand for damages in the amount of $1,500,000.00. Plaintiff's Responses to Defendants' Initial Discovery Requests, D.E. 1-3, at 1.

On August 30, 2022, Defendants removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), asserting that there is complete diversity between the

parties and the amount in controversy exceeds 75,000.[1]  Notice of Removal, Aug. 30, 2022, D.E. 1, ¶¶ 4-12.  On September 29, 2022, Plaintiff filed the instant motion to remand, arguing that Defendants failed to remove this matter in a timely manner.  Mot. to Remand, Sept. 29, 2022, D.E. 6, at 2-8.  Defendants oppose the motion, contending that their removal was timely as they removed this action within 30 days of receiving Plaintiff's statement of damages and responses to interrogatories that put them on notice, for the first time, that the amount in controversy exceeds $75,000.00.  Defs.' Br. in Opp'n., Oct. 24, 2022, D.E. 8, at 6-7.  In reply, Plaintiff argues that Defendants' removal was untimely because Defendants could have concluded from the face of Plaintiff's Complaint that the amount in controversy exceeded $75,000.00.  Reply Br., Oct. 31, 2022, D.E. 10, at 1-4.

### III.  ANALYSIS

A party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  If a complaint does not raise a question of federal law, as is the case here, a district court can exercise subject matter jurisdiction over the action only if all adverse parties are diverse and the amount in controversy exceeds $75,000.  *In re Benicar (Olmesartan) Prods. Liab. Litig.*, 198 F. Supp. 3d 385, 386 (D.N.J. 2016) (citing 28 U.S.C. § 1332(a)).  For adverse parties to be diverse, no plaintiff and defendant can be a citizen of the same state, judged at the time the complaint was filed and at the time removal was sought.  *Id.* (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

---

[1] Defendants claim jurisdiction based on diversity of citizenship of the parties.  Specifically, Defendants allege that Plaintiff is a New Jersey resident, and Braxton, Livingston, and Right One are all Maryland residents.  *See* Notice of Removal, D.E. 1, ¶¶ 4-7.

"Removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Peters v. Stop & Shop*, No. 13-6085, 2013 WL 5781199, at *2 (D.N.J. Oct. 25, 2013) (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). Upon the removal of an action, a plaintiff may move to remand the matter back to state court either because the district court lacks subject matter jurisdiction or there was a defect in the removal procedure. *Scott v. Estes Express Lines, Inc.*, No. 17-0963, 2017 WL 4268039, at *1 (D.N.J. Sep. 26, 2017) (citing *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993)). Because the parties do not argue that this Court lacks subject matter jurisdiction, i.e., that diversity of jurisdiction exists among them, the Court shall only analyze whether there was a defect in the removal process.

### A. Whether Removal was Timely

A removed action can be remanded to state court if the removal procedure is defective. *Peters*, 2013 WL 5781199, at *2 (citing 28 U.S.C. § 1447(c)). Any failure to file a notice of removal "within the statutory timeframe is sufficient grounds to remand an action to state court." *Id.* Under 28 U.S.C. § 1446(b), a defendant has thirty days from receipt of an initial pleading to file a notice of removal if the initial pleading is removable. *Id.* However, if the initial pleading is not removable, a defendant must remove an action within thirty days of receipt of "an amended pleading, motion, order or 'other paper'" from which the defendant is able to determine the action is removable. *Id.*

Courts have used two approaches in resolving matters of timeliness: (1) the "bright-line" approach or (2) the "subjective-inquiry" approach. *Riconda v. US Foods Inc.*, No. 19-1111, 2019 WL 1974831, at *5 (D.N.J. May 3, 2019). Under the bright-line approach,

> If a Complaint does not plead specific damages, and does not otherwise make clear that the amount in controversy exceeds $75,000, the 30-day clock for removal does

>not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000.

*Id.* Using this approach, the relevant test is what the pleadings indicated regarding the amount in controversy, not what the defendants purportedly knew. *Id.* If the pleadings do not provide an adequate basis for removal, a court must consider when defendant first received a document from which it could reasonably conclude that the case was removable. *Id.* at *7.

Under the subjective-inquiry approach, the thirty-day period for removal begins once a defendant can "reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d. 516, 521 (D.N.J. 1998). Therefore, the complaint does not need to state the amount in controversy for the thirty-day period to start running. *Peters*, 2013 WL 5781199, at *2. Instead, and particularly with respect to personal injury suits between diverse parties, "'courts have held that allegations of severe injuries along with pain and suffering will alert the defendant that an amount in excess of the jurisdictional amount is at issue' and trigger the running of the thirty-day removal period." *Carroll*, 7 F. Supp. 2d at 521-22 (quoting *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D.Ga. 1989)).

The Third Circuit has yet to adopt one approach over the other. However, the Third Circuit has noted that a majority of the federal circuit courts of appeals have adopted the bright-line approach, and thus require an unequivocal statement of damages sought. *See Judon v. Travelers Prop. Cos. Co. of Am.*, 773 F.3d 495, 509 n.13 (3d Cir. 2014). Yet, the bright-line rule conflicts with New Jersey Court Rule 4:5-2, which provides that "[i]f unliquidated money damages are claimed in any court, other than the Special Civil Part, the pleading shall demand damages generally without specifying the amount." Further, courts in this district generally have relied on the subjective-inquiry approach in personal injury cases, in which allegations of severe injury are

sufficient to alert a defendant to an amount in controversy in excess of the jurisdictional requirement. *See, e.g., Peters*, 2013 WL 5781199, at *2 (holding that allegations of "severe, permanent disabling injuries" and Plaintiff's "extensive medical treatment for her injuries" in a slip-and-fall case were sufficient to trigger the thirty-day removal period); *Wishnia v. Whole Foods Mkt., Inc.*, No. 19-6483, 2019 WL 1147931, at *3 (D.N.J. Mar. 12, 2019) (holding that a complaint in a slip-and-fall case detailing the nature and severity of physical injuries provided sufficient notice to the defendant that the amount in controversy would exceed $75,000); *Ortiz v. Richmond Elevator Co.*, No. 15-672, 2015 WL 5945433, at *8 (D.N.J. Sep. 28, 2015) (holding that a complaint discussing the nature of personal injuries sustained from a malfunctioning elevator was enough to trigger the thirty-day period). Thus, to comport with the spirit of New Jersey Court Rule 4:5-2, this Court will proceed in evaluating this matter under the subjective-inquiry approach.

Defendants do not dispute that they did not remove the instant action within thirty days after receipt of the Complaint.[2] Instead, Defendants assert that the Complaint, on its face, did not indicate that the amount in controversy requirement for diversity jurisdiction was present. Defs.' Br. in Opp'n., Oct. 24, 2022, D.E. 8, at 6. Specifically, Defendants argue that it was not apparent that Plaintiff sought damages in excess of $75,000, as required under 28 U.S.C. § 1332(a), when Plaintiff served them with the Complaint because Plaintiff did not state the amount in controversy in his Complaint. *See id.* at 4, 6. Defendants contend that they first learned the amount in controversy exceeded $75,000 on August 4, 2022, when Plaintiff responded to Defendants' initial discovery requests and made a demand for damages in the amount of $1,500,000.00. *See id.* at 4-6; Notice of Removal, D.E., 1, ¶ 12. Thus, Defendants maintain that removal on August 30, 2022

---

[2] In fact, Defendants filed their Notice of Removal on August 30, 2022, over four months after being served with Plaintiff's Complaint on or around April 23, 2022. *See* Notice of Removal, D.E. 1.

was timely because it was filed within thirty days of August 4, 2022, the date on which Defendants became aware that the action was removable. *Id.* Only then could Defendants determine for certain that the instant action was removable, and therefore, removal was timely.

Under the subjective-approach, it is not necessary for a Plaintiff to state the amount in controversy in the initial pleading to trigger the thirty-day period of removal. *Carroll*, 7 F. Supp. 2d. at 521. However, a plaintiff's complaint must allege facts sufficient to alert defendants that the amount in controversy exceeds the $75,000 jurisdictional minimum. It is true, as Defendants argue, that Plaintiff's Complaint does not allege a specific dollar amount for damages. Compl., D.E. 1-1, ¶ 7. But Defendants' contention that they could not determine earlier than August 4, 2022, when Plaintiff first responded to its demand for damages, that Plaintiff's damages exceed $75,000 is negated by Plaintiff's factual allegations in the Complaint. Compl., D.E. 1-1, ¶ 7.

The operative portion of the Complaint states as follows:

> As a direct and proximate result of the carelessness, recklessness, and negligence of the Defendants . . . Plaintiff, LAYAKIM SMALL, was caused to suffer severe bodily injuries, some or all of which are permanent in nature; has been caused and will be caused great pain and suffering and loss of enjoyment of life; has been caused and will be caused to expend large sums of money for medical treatment necessary to effect a cure for his injuries; and, has been caused and will be caused to lose large sums of money due to his inability to pursue his usual occupation.

*Id.* Therefore, the Complaint alleges several categories of damages that, collectively, could reasonably exceed $75,000. The Complaint alleges past and future medical-care costs. It alleges that Plaintiff has suffered, and will continue to suffer, "great" pain from the accident. And it alleges lost earnings. Taken together, these allegations could reasonably put Defendants on notice that the amount in controversy may exceed $75,000. In particular, courts in this District have held that "allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue and trigger the

running of the thirty-day removal period." *Carroll*, 7 F. Supp.2d at 521 (alterations in original) (citations and quotation marks omitted). In *Carroll*, for example, the complaint merely alleged that plaintiff had suffered "injuries causing disability, impairment, loss of enjoyment of life, pain and suffering, and he will suffer in the future . . . ." *Id.* at 518. In remanding the matter, the court held that was sufficient to put defendant on notice that the matter was removable. The court reasoned that "an action is removable when claims for damages sought *could reasonably* exceed $75,000." *Id.* at 522 (emphasis in original).

Similarly, in *Bukowiecki v. Dollar General Store*, the complaint alleged injuries similar to those alleged in this case. Plaintiff in that case alleged that a slip-and-fall accident at defendant's store caused her to "suffer severe injuries; was caused to suffer great pain and will in the future be caused to suffer great pain; was caused to incur medical expenses and will in the future be caused to incur medical expenses; was caused to lose time from her employment and will, in the future be caused to lost [sic] time from her employment; and was caused to suffer permanent injuries." No. 18-16464, 2019 WL 449203, *1 (D.N.J. Feb. 5, 2019). As in *Carroll*, the court rejected defendant's argument that it could not ascertain that the amount in controversy exceeded $75,000 from the face of the complaint. The court noted that it "has on many occasions held that personal injury cases alleging 'severe and permanent' injuries will be removable absent proof to a 'legal certainty' that the amount in controversy cannot exceed $75,000.'" *Id.* at *4 (citing cases). The court further reasoned that, consistent with the caselaw within the District of New Jersey, the complaint's allegations of severe injuries and future damages sufficiently apprised the defendant that the amount in controversy exceeded the $75,000 threshold for diversity of jurisdiction based on the face of the complaint. *Id.* ("Based on Plaintiff's allegations, it would be an extraordinary case where the Court could find, as a matter

of law, that damages in excess of $75,000 could not be recovered. Indeed, general allegations akin to those plead in Plaintiff's Complaint here, have, in fact, been found sufficient to trigger the thirty-day removal period.") (citing cases). *See also Peters*, 2013 WL 5781199 at *3 (same); *Teajman v. Frigoletti,* No. 96-4779, 1997 WL 1067639, *5 (D.N.J. Feb. 11, 1997) (same). Plaintiff here, like the plaintiff in *Bukowiecki*, alleges that he suffered severe and permanent injuries, expended, and will continue to expend, large sums of money for medical treatment necessary to cure his injuries, and lost wages from work. As such, this Court finds that Plaintiff has sufficiently plead facts in his Complaint from which Defendants could have reasonably concluded that the amount in controversy exceeded the $75,000 jurisdictional threshold.

    Other caselaw within this District similarly bolsters the conclusion that the thirty-day removal period began to run when Defendants were served with the Complaint, even though Plaintiff had not set forth a specific dollar amount of damages. In each of *Durate v. Home Depot USA*, No. 19-11429, 2019 WL 5654051 (D.N.J. August 2, 2019), *Fagan v. Walmart Stores, Inc.*, No. 21-10363, 2021 WL 3056620 (D.N.J. June 29, 2021), and *Wishnia*, 2019 WL 1147931, all personal-injury actions, the court found that the plaintiff's allegations of severe injuries, pain, past and future medical expenses, and deprivation of the ability to engage in their usual activities, including work, sufficiently placed the defendant on notice that the amount in controversy exceeded the $75,000 threshold. *See Durate*, 2019 WL 5654051 at *4; *Fagan*, 2021 WL 3056620 at *3; *Wishnia*, 2019 WL 1147931 at *3. That was so even though the complaints did not specify the amount of damages the plaintiffs sought. As in these cases, Plaintiff here alleges in his Complaint that he suffered severe bodily injuries, some or all of which are permanent, has been caused great pain and suffering, has and will expend large sums of money for medical treatment, and has lost employment earnings. Thus, Defendants could have

reasonably concluded from these allegations that the damages exceeded the $75,000 jurisdictional threshold, and accordingly, that the case was removable when they received Plaintiff's Complaint on April 23, 2022.

Defendants argue that this Court should find that *Carroll*, which utilized the subjective-inquiry approach, is either "not applicable herein, or simply bad law." Defs.' Br. at 5. By implication, Defendants urge the Court to use the bright-line approach. The Court declines to do so, for several reasons. First, as noted above, New Jersey Court Rule 4:5-2 does not require plaintiffs to specify the amount of damages in their complaint. Second, Defendants' challenge to *Carroll* is misplaced. Defendants contend that *Carroll* is inapplicable here because that complaint alleged willful misconduct, while this Complaint alleges mere negligence. Defs.' Br. at 5. But Defendants misread the *Carroll* court's reasoning. The *Carroll* court stated in pertinent part:

> In the instant case, as indicated, the Complaint alleges John Carroll suffered injuries causing disability, impairment, loss of enjoyment of life, pain and suffering, and he will suffer in the future… Complaint at ¶5 (emphasis added). The severity of the injuries suffered by John Carroll, as alleged in the Complaint put United on notice that John Carroll had a claim in excess of $75,000. Under these circumstances, United knew or should have known upon receipt of the Complaint that the amount in controversy would meet the requirement for diversity jurisdiction.
>
> …
>
> In addition, the fact that the Complaint alleges the conduct of the United States constituted "willful misconduct" under the terms of the Warsaw Convention and the Montreal Agreement…further demonstrates the Plaintiffs were seeking damages in excess of $75,000.

*Carroll*, 7 F.Supp.2d at 522-23. Therefore, the *Carroll* court found that the plaintiff's allegations of severe injuries alone were sufficient to put defendant on notice that plaintiffs' claims were for damages in excess of $75,000. The willful-misconduct allegations were an additional basis to find that defendant should have known from plaintiffs' complaint that the amount in controversy exceeded the minimum threshold requirement for diversity jurisdiction. Indeed, courts such as

Judge Chesler in *Bukowiecki* have relied on *Carroll* in the negligence context. *Bukowiecki,* 2019 WL 449203 at *4.

Because this Court concludes that the Complaint provides sufficient information from which Defendants could have reasonably determined that the amount in controversy exceeds the jurisdictional minimum, Defendants' removal of this action on August 30, 2022 was untimely. Having concluded that Defendants' removal was untimely, this Court recommends that the District Court grant Plaintiff's Motion to Remand.

### IV.   CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends that the District Court grant Plaintiff's Motion to Remand to the Superior Court of New Jersey, Law Division, Essex County. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

*s/ Michael A. Hammer*
**United States Magistrate Judge**

**Dated: December 7, 2022**